■ In the Matter of the Claim of DORA E. BUSH, Respondent, v. BETHLEHEM STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed June 17, 1970 and March 10, 1971. Decedent, employed as a chipper at appellant's yard, collapsed and died on the employment premises on September 30, 1964. He was observed placing the 13-pound air gun he used in the performance of his employment on a bench and walking towards the back of the building. A few moments later he was seen lying on the floor of the shop, face up. About 15 minutes later an ambulance and the police arrived. Cardiac massage was administered, to no avail. An autopsy was performed and the cause of death was listed as fracture of sternum, traumatic laceration of right atrium and hemopericardium. Relying upon the evidence submitted and the presumption created by section 21 of the Workmen's Compensation Law, the board found that decedent sustained an accidental injury arising out of and in the course of employment. This decision is supported by substantial evidence. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.

■ In the Matter of the Claim of WILBUR PARKS, Respondent, v. MERRITT, CHAPMAN & SCOTT CORP. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed September 29, 1970. Claimant sustained a compensable injury to his low back and left hip while working for appellant employer in 1960. Based on a lump sum settlement, his last payment of compensation for that accident was September 3, 1965. He sustained a second injury to his back and left hip on July 3, 1967 while working for respondent employer. The sole question presented is whether a medical report dated January 3, 1968 and filed before the expiration of three years from the date of last compensation payment constituted an application to reopen the 1960 case. This report makes it clear that claimant was in serious trouble suffering from marked degenerative changes of his left hip and needing corrective surgery. The doctor could not, however, state which accident was the causative factor. From the record in its entirety we conclude that there was substantial evidence for the board to determine that the 1967 injury aggravated a condition caused by the 1960 accident. The report of January 3, 1968 evidenced the required change of condition, and it alone could serve as an application to reopen. (Matter of Alexander v. County of Erie, Meyer Mem. Hosp., 28 A D 2d 1069.) Decision affirmed, with costs to the Special Fund for Reopened Cases. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.